THOMAS MANNING, Executor *vs.* THE AMERICAN BOARD OF
COMMISSIONERS FOR FOREIGN MISSIONS.

A testator, after devising and bequeathing real and personal property, directed that his
executor should " hold in his own hands and keeping, and to his own use and benefit,
as a compensation, and as pay for his care and diligence in the settlement of the
estate, and for other considerations, the sum of three per cent. on the amount of the
whole inventory of the same, also the whole sums that accrue during the settlement
of the same." *Held*, that the executor was entitled only to three per cent. on the
amount of the whole inventory, and three per cent. on the sums that accrued during
· the settlement of the estate, except the income arising from the real estate devised.

THIS was an appeal from a decree of the judge of probate,
disallowing the following item in the administration account of
the executor of the last will of Eunice Haskell : " To paid
income, accrued and collected after the death of testatrix, to
executor, as per will, $491." This sum included $178·75,
credited to the estate of the testatrix, as rent of a house in
Salem.

The testatrix, by her will, after devising to Abraham Cald-
well and his heirs her dwelling-house in Ipswich, with the out
buildings and land belonging to the same, and bequeathing leg-
acies to sundry persons, devised and bequeathed to the appel-
lees as follows : " One fourth or quarter part of the residue
and remainder of the foot or amount of the inventory of my
estate, first deducting therefrom all the herein named legacies,
together with all the several expenses, costs and charges, in-
curred by my hereinafter named executor, in the settlement of
my estate, in each and every particular." The other three
fourths of the remainder and residue of said estate were devised
and bequeathed to benevolent societies. The clause in the
will on which the present question arose was this : " I hereby
constitute and appoint Thomas Manning sole executor of this
my last will and testament ; and my will furthermore is, that
my herein named executor hold in his own hands and keeping,
and to his use and benefit, as a compensation, and as pay for
his care and diligence in the settlement of my whole estate, and
for other considerations, the sum of three per cent. on the

amount of the whole inventory of the same, also the whole sums that accrue during the settlement of the same ; and fur thermore, my said executor is hereby empowered and allowed to settle my said estate within two years from the time of my decease."

*O. P. Lord*, for the appellant.

*Ward*, for the appellees.

DEWEY, J.  The construction of the clause in the will upon which the present question arises is not free from difficulty.  That the testatrix should have intended to compensate the executoɪ for his services, by allowing him the entire income of her estate during the time that elapsed from the probate of her will to the final settlement of the estate, is so unusual and improbable, that it must be indicated by the plain and obvious language of the will, or we cannot adopt it.   Such a form of compensation would furnish a direct inducement for delay in closing the settlement of the estate, and is one not likely to be selected by a testator. So strong, however, is the language here used, that if no other provision had been found in the will, fixing the compensation of the executor, than that relied on by him as authorizing the allowance which he now claims, it might have required that construction.   But the provision in the will, that the executor is to be allowed three per cent. on certain amounts, shows strongly that the testatrix had in her mind a fixed and certain mode of compensation for regulating the allowance to him. Had it been intended to allow the gross sum that might be received from the income of the whole property during the set- tlement of the estate, this minute provision of three per cent. would hardly have been introduced.

Three per cent. is, by the express words of the will, to be allowed on the amount of the inventory.  We have only to read " *also* " as *and*, to make the sense perfectly clear, and to fix the compensation at three per cent. on the inventory *and* the whole sums that may accrue during the settlement of the estate.   This reading is so much more natural and probable, as an indication of the purpose of the testatrix, than that contended for by the executor, tha we feel constrained to adopt it.   The allowance

to the executor will be, therefore, three per cent. on the whole amount of the inventory, and on the sums accruing during the settlement of the estate, except those arising from the real estate which vests in the devisees immediately.